IN RE TRUSTEESHIP UNDER WILL OF HANS L. MELGAARD.
AGNES L. MELGAARD AND OTHERS v. MIDLAND NATIONAL
BANK & TRUST COMPANY OF MINNEAPOLIS
AND ANOTHER.[1]

December 30, 1938.

Nos. 31,781, 31,782, 31,783.

[1]Reported in 283 N. W. 112.

*Bowen, Best, Flanagan & Rogers,* for appellants.

*Ueland & Ueland* and *Cobb, Hoke, Benson, Krause & Faegre,* for respondents.

LORING, JUSTICE.

These three appeals by the beneficiaries of the trust come here as a sequel to the appeal which was before us in 200 Minn. 493, 274 N. W. 641. We refer to that opinion filed August 6, 1937, for a statement of the situation in this trusteeship up to that time. The order there under consideration had vacated prior orders settling annual accounts and had surcharged the final account with some 13 items aggregating $33,439.69. That order was reversed on the ground that the attack by the beneficiaries was collateral as distinguished from direct upon the prior orders settling the annual accounts. The beneficiaries alleged malfeasance in regard to various matters and sought to surcharge the trustee's account.

December 1, 1937, after remittitur, the trial court without notice to the beneficiaries made its findings, conclusions, and order pursuant to the direction of this court as it read our opinion. Thereupon the beneficiaries made two motions, one to vacate the order of December 1, 1937, and the other to amend their objections and answer and to substitute therefor a pleading which they designated a cross bill, and also to reinstate, with certain exceptions, the original findings of fact filed in that court on November 18, 1935 (the findings supporting the order which was reversed by this court). December 30, 1937, the motion to vacate the order of December 1 was granted solely to permit the consideration of the motion to reinstate the findings and to amend and substitute the cross bill. March 8, 1938, the court, after "having duly and fully considered the matters involved," denied the beneficiaries' motion and reinstated the order of December 1. The beneficiaries then moved "for an order and memorandum stating the grounds and the reasons upon which the court based its order" of March 8. This last motion

was granted on March 29, and the court made a memorandum. In its memorandum the court said:

"It is the view of this court that the motion of the beneficiaries insofar as it asks leave to amend their answers and objections by substituting in lieu thereof an answer in the nature of a cross bill would have to be denied independently of the legal effect of the findings and order of December 1, 1937, in view of the decision and mandate of the supreme court on the appeal in this proceeding. As this court reads that decision, it does not suggest that the answers and objections might be so amended at this time, but rather indicates the contrary. Moreover, it appears that the beneficiaries presented to the supreme court a lengthy petition for reargument in which they specifically asked the supreme court to modify its decision so as to give them the very right which they have asked in their motion. The fact that the supreme court denied such petition without further opinion or comment is persuasive to this court that the supreme court did not consider that the answers and objections of the beneficiaries were such that by an amendment *they could be diverted into a direct attack.* (Italics supplied.)

"This court is also of the opinion that the proposed answer in the nature of a cross bill which the beneficiaries wish to file is not in substance or in legal effect an amendment to the answers and objections of the beneficiaries heretofore filed, but rather an attempt to state for the first time a cause or causes of action for the vacation of the prior orders referred to in such proposed pleading. Accordingly, this court is of the opinion that the filing of the proposed pleading should not be allowed because the statute which creates such cause or causes of action (Mason's Minn. Statutes, Sec. 9405) requires that it or they be asserted within three years after the discovery of the fraud on which based.

"It is for the reasons hereinbefore set forth that the motion on behalf of the beneficiaries is denied."

These three appeals have been taken from the order of March 8; from the order of March 8 as amended by the order of March 29, which attached a memorandum thereto; and from the order of

March 29. The respondents concede that the last mentioned order should be reversed and contend that on that concession it (including the memorandum) goes out of the case. .

There are 25 assignments of error, but as we view the record the principal question presented is whether the court as a matter of law could have done otherwise than deny the beneficiaries' application to amend or substitute a new pleading.

It stands adjudicated in this case on the former appeal that the pleadings as they stood before the application presented no direct attack upon the orders sought to be vacated. The pleadings sought to surcharge the accounts on allegations of malfeasance, and the most that could be said for them was that they asked for revocation of the orders attacked on the ground of such alleged malfeasance, which was regarded by us as "intrinsic" as distinguished from the "extrinsic" fraud necessary as a foundation for direct attack. We there held that the distinction between collateral and direct attack was substantive, not merely adjective. Therefore if the new pleading presented any ground for relief by direct attack it stated a new cause of action. Nor was there a sufficient attempt in the original or amended pleadings to state a direct attack on the orders to bring the case within the rule that a substantial attempt to state a cause of action will permit an amendment which otherwise would be barred by the statute of limitations. Throughout the proceedings the beneficiaries asserted that the orders were merely *prima facie* correct and were subject to collateral attack. Malfeasance was the burden of their complaint. On that account they asked to have the orders set aside. They made no attempt to allege facts which would amount to extrinsic fraud. They now seek to plead themselves within 2 Mason Minn. St. 1927, § 9405, but fail in part because of the three-year limitation. However we regard the nature of the question presented to the lower court, it could not have been properly decided otherwise than as it was. The trial court's memorandum of March 29 showed that the trial court had carefully read and correctly understood our opinion on the first appeal. It denied the motion to amend and substitute because the new pleading did not state a cause of action. A motion to amend usually presents a

matter for judicial discretion, and insofar as this motion may be said to present such a question the trial court exercised it. In the light of the decision of this court, however, the trial court realized that the new pleading did not and could not state a cause of action. In such a situation it would have been an abuse of discretion to permit a wholly futile amendment.

That the order of December 1, 1937, was entered without notice is of no moment in view of the fact that it was subsequently vacated and the beneficiaries afforded an opportunity to move in regard thereto.

Orders affirmed.

MR. JUSTICE HOLT took no part in the consideration or decision of this case.